UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FAIRFIELD INDUSTRIES, INC. d/b/a FAIRFIELDNODAL** | * * * | CIVIL ACTION |
| | * | NO: 4:12-cv-02665 |
| v. | * * | JUDGE GILMORE |
| **EL PASO E&P COMPANY, L.P.** | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF FAIRFIELD'S MOTION TO STRIKE DECLARATION SUBMITTED IN SUPPORT OF EP ENERGY'S MOTION FOR JUDGMENT ON PLEADINGS, AND ALTERNATIVE MOTION <u>FOR OPPORTUNITY TO RESPOND PURSUANT TO RULE 12(d)</u>**

Fairfield Industries, Inc. d/b/a FairfieldNodal ("Fairfield"), submits this memorandum in support of its motion to strike and alternative motion for notice and opportunity to respond. The Court should strike the declaration attached to EP Energy's reply memorandum in support of its Rule 12(c) motion for judgment on the pleadings because: (1) EP Energy is improperly relying on matters outside the pleadings; (2) the submission of the declaration was untimely and done without leave of Court; and (3) the declaration is irrelevant and immaterial.

If the Court does not strike the declaration, Rule 12(d) of the Federal Rules of Civil Procedure requires that Fairfield be given an opportunity to respond. Therefore, Fairfield alternatively requests that it be permitted to respond by submitting its own summary judgment evidence as well as a supplemental opposition memorandum.

**I.      EP Energy's declaration should be stricken from the record.**

EP Energy's submission of a declaration with a reply brief in support of its motion for judgment on the pleadings is improper for several reasons. First, because this is a motion for judgment <u>on the pleadings</u>, it is inappropriate for EP Energy to rely on matters outside the

pleadings to support its motion. It is well recognized that "a motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[1] Like a Rule 12(b)(6) motion, the "inquiry focuses on the allegations in the pleadings," and the only issue is "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[2] Thus, in ruling on a Rule 12(c) motion, "the district court is confined to the pleadings and must accept all allegations contained therein as true."[3] EP Energy, by submitting a declaration with its reply brief, has violated these fundamental standards under Rule 12(c), and the declaration should be stricken.

Second, by attaching the declaration to a reply brief instead of its original motion, EP Energy's submission of the declaration is untimely. The Federal Rules and this Court's local rules both require that an affidavit supporting a motion be served and filed "with the motion."[4] Therefore, a party may not introduce an affidavit (or other evidence) at the reply stage of a motion proceeding without leave of court.[5] Therefore, for the additional reasons that EP Energy has not obtained leave of Court, the declaration should be stricken as untimely.

---

[1] Ackerson v. Bean Dredging LLC, 589 F.3d 196, 209 (5th Cir. 2009)
[2] Id. (quoting Ferrer v. Chevron Corp., 484 F.3d 776, 782 (5th Cir.2007).
[3] Hughes v. The Tobacco Institute, Inc., 278 F.3d 417, 420 (5th Cir. 2011).
[4] Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); S.D. Tex. LR 7.7 ("If a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed with the motion or response").
[5] Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cont'l Carbon Co., CIV.A. H-10-2379, 2012 WL 43604 (S.D. Tex. Jan. 9, 2012) ([T]he defendant's . . . declaration was filed five weeks after its motion, and without leave of the Court. Accordingly, the Court strikes it under various authorities that require supporting materials to be filed with the party's motion."); see also Frosty Bites, Inc. v. Dippin' Dots, Inc., CIV.A. 3:01-CV-1532M, 2002 WL 1359704 (N.D. Tex. June 20, 2002) ("[A] party may not introduce new evidence at the reply stage of a motion proceeding without leave of court."); TCGC IP Holdings, LLC v. Graves Golf Academy, CIV.A. 3:10-CV-0055L, 2010 WL 2671302, at n. 1 (N.D. Tex. July 1, 2010) ("The court declines to consider new arguments and evidence filed for the first time in a reply when there is no chance of the nonmovant to respond. The court will not consider the new arguments raised by Plaintiff in its reply.");

Finally, the Court should strike the declaration because it is irrelevant.[6] While the declaration refers to certain "data licensed from Fairfield," it fails to specify under which agreement the referenced data was licensed. This distinction is important. Through this lawsuit, Fairfield is seeking license fees related to data controlled by the terms of two specific agreements: the Zilkha MLA and the Coastal MLA.[7] EP Energy has consistently ignored the language of these agreements and has instead repeatedly invoked a completely separate agreement – the 2007 MLA.[8] Despite EP Energy's efforts to muddle the issues by citing to that agreement, Fairfield's Complaint makes clear that Fairfield did not file suit under the 2007 MLA and that the data at issue in this case was not licensed under that agreement. More importantly, the 2007 MLA <u>explicitly preserved</u> Fairfield's accrued rights under Zilkha MLA and the Coastal MLA by providing that those agreements were cancelled "without prejudice to the rights and obligations accrued thereunder to the date of [the 2007 MLA]."[9] Thus, because EP Energy's declaration is unclear if it is even referring to data licensed under the agreements at issue in this case, the declaration is "immaterial" and "impertinent" and should be stricken by the Court.[10]

The declaration is also unhelpful because it fails to specify the volume of data that relates to seismic data offshore Texas (as opposed to Louisiana). Simply stating that a "portion of [the] data" covers property offshore Texas is immaterial under <u>Grand Isle</u>, which instructs the courts to evaluate the <u>focus</u> of the relevant agreements. <u>Grand Isle</u> does not require that 100% of the pertinent activities involve a single OCS situs. Here, by pleading in the Complaint that more than 84% of the seismic data under both relevant agreements pertained to the OCS offshore

---

[6] Fed. R. Civ. P. 12(f) (providing that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter").
[7] Both the Zilkha MLA (R. Doc. 1-1) and Coastal MLA (R. Doc. 1-2) are defined in, and attached to, the Complaint.
[8] The 2007 MLA (R. Doc. 1-4) is defined in, and attached to, the Complaint.
[9] R. Doc. 1-4; see also Order and Reasons, R. Doc. 14 ("The 2007 MLA explicitly terminated and replaced the earlier contracts but preserved the substantive rights and obligations accrued under those agreements up to the date of termination. Thus, the 2007 MLA does not bar Fairfield from seeking fees owed under the earlier contracts.")
[10] Fed. R. Civ. P. 12(f).

Louisiana, Fairfield has made clear that the focus of the contracts is on an OCSLA situs offshore Louisiana.  The fact that some "portion" of the data is offshore Texas is immaterial under the Court's OCSLA choice-of-law inquiry.

II.     **Alternatively, Fairfield requests opportunity to submit summary judgment evidence and file a supplemental opposition in response to EP Energy's reply brief.**

If the Court does not strike the declaration, Rule 12(d) of the Federal Rules of Civil Procedure requires that Fairfield be given an additional opportunity to respond to the matters presented in EP Energy's reply brief.  That rule provides as follows:

> **(d) Result of Presenting Matters Outside the Pleadings.**  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As soon as a motion to dismiss is converted into a motion for summary judgment, "the requirements of Rule 56 become operable"[11] and the court "must give the parties notice of the changed status of the motion."[12]   Therefore, if the Court does not strike EP Energy's declaration, Fairfield requests that the Court provide notice to Fairfield and allow it opportunity to file its own summary judgment evidence and a supplemental opposition memorandum.

---

[11] Porter v. Shearson Lehman Bros. Inc., 802 F. Supp. 41, 52 (S.D. Tex. 1992) ("In fact, it is reversible error for the district court to consider outside matter without converting the motion to dismiss into a motion for summary judgment.").

[12] Smith v. J.P. Morgan Chase Bank, CIV.A. H-10-3730, 2011 WL 2471280 (S.D. Tex. June 20, 2011) (ordering that 12(b)(6) motion be converted to motion for summary judgment and setting deadlines to supplement the record); see also Hazzard v. Bourgeios, CIV.A. C-11-51, 2011 WL 4738235, at *3 (S.D. Tex. Oct. 6, 2011) ("Because Defendants rely on matters outside the pleadings, the Court construes the motions pursuant to Rule 56. . . .  As such, Plaintiff is entitled to notice and an opportunity to respond.  Accordingly, Plaintiff is afforded twenty (20) days from the date of the entry of this Order to file a response . . . .").

Respectfully submitted,

**SLATTERY, MARINO & ROBERTS**
Energy Centre, 1100 Poydras Street
Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 585-7800
Telecopier: (504) 585-7890

By: /s/ Taylor P. Mouledoux
Gerald F. Slattery, Jr., (La. Bar Roll 12129)
Colleen C. Jarrott (La. Bar Roll 30839)
Taylor P. Mouledoux (La. Bar Roll 31889)

and

Michael L. Grove
Law Offices of Michael L. Grove
6750 West Loop South
Suite 675
Bellaire, Texas 77401
Telephone: (832) 308-7771
Telecopier: (832) 532-3108

Attorneys for plaintiff, Fairfield Industries, Inc.
d/b/a FairfieldNodal

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2013, a copy of the above and foregoing was transmitted to counsel of record through the Court's EM/ECF filing system.

/s/ Taylor P. Mouledoux